In the Matter of the Claim of GUISEPPE MAGNIFICO, Appellant, against A. A. JOHNSON CORP. and the GLOBE INDEMNITY Co., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to prosecute appeal on typewritten papers denied, without costs. The proof shows that there is a conflict in the medical testimony as to the nature and extent and cause of claimant's injuries. Nothing was presented to the [State] Industrial Board but a plain question of fact, which this court is not permitted to review. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMERIGO MANCUSO, Petitioner, Appellant, v. JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, N. Y., Respondent.— Motion for permission to prosecute appeal on typewritten papers denied. No meritorious case shown. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

WEST 158TH STREET GARAGE CORPORATION, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22172.) — Motion by The Staten Island Rapid Transit Railway Company for leave, through its attorneys, Messrs. Cravath, deGersdorff, Swaine & Wood, as *amicus curiæ*, to file brief upon the argument of the appeal herein, granted. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANTONIO PISANI, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent. FIFTH AVENUE BANK OF NEW YORK and Another, as Executors, etc., of Dr. THOMAS J. O'MARA, Respondents.— Appeal from an award of three dollars, for medical services, made in form to Antonio Pisani, an employee of the city, a self-insurer, but with a lien thereon to a physician. The award was made upon the finding that the employer did not provide the claimant with proper and adequate medical treatment, and that the employee sought the aid of the physician. There is no evidence to sustain this finding. Award reversed, and claim dismissed. Hill, P. J., Rhodes and McNamee, JJ., concur; Crapser and Bliss, JJ., concur also upon the additional ground of *res judicata*. [See, also, *Fifth Ave. Bank of New York* v. *City of New York*, 250 App. Div. 844; 251 id. 714.]

In the Matter of the Claim of MARY TANENHAUS, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board, noticed March 4, 1938. The claimant was partially disabled between June 1, 1937, and September 21, 1937. She was awarded eight dollars per week as reduced earnings. At the time of disablement claimant was earning $27.69 a week, as found by the Board. Between the dates of partial disablement, for which the award was made, namely, sixteen weeks, claimant earned $284.96, or at the rate of $17.81 per week. This, added to the weekly amount of the award, aggregated $25.81, an amount less than the claimant was earning at the time of the accident. The award was not made in contravention of subdivisions 5 and 6 of section 15 of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.